FILED

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2015 FEB 19  P 2: 18

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| ADVANCED MARKETING SYSTEMS, LLC | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | Civil No. 1:15-CV-221 (AJT/TCB) |
| AHOLD USA, INC. | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

# COMPLAINT

Plaintiff, Advanced Marketing Systems, LLC ("AMS"), by counsel, hereby sets forth its Complaint against Defendant, Ahold USA, Inc. ("Ahold"), as follows:

## NATURE OF THE CASE

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* AMS seeks monetary damages and injunctive relief in this action for this patent infringement.

## THE PARTIES

2. Plaintiff AMS is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at Six Gisborne Place, Old Greenwich, CT 06870. AMS is in the business of software and computer management solutions for marketing and promotion applications.

3. Upon information and belief, Ahold is a corporation organized and existing under the laws of the state of Maryland, with its principal place of business located at 1149 Harrisburg Pike, Carlisle, PA 17013. Ahold is in the retail grocery business and operates Stop & Shop stores.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action which relate to patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 28 U.S.C. § 1400(b), because Ahold resides in and has a regular and established place of business in this district and the acts of infringement occurred in this district and elsewhere.

## COUNT I
(Infringement of U.S. Patent No. 8,219,445)

6. AMS realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 5 above.

7. On July 10, 2012, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,219,445 entitled "Promotion Processor and Management System" ("the '445 Patent"). A true and correct copy of the '445 Patent is attached as Exhibit 1.

8. AMS is the owner of the '445 Patent and has all substantial rights and interests in the '445 Patent, including without limitation, the right to sue and recover damages for past, present, and future patent infringement and therefore has standing to sue for infringement of the '445 Patent.

9. Upon information and belief, Ahold has infringed and continues to infringe one or more claims of the '445 Patent by making and/or using a website and/or mobile application that embody the patented invention.

10. Ahold's infringing system includes one or both of a website and a mobile application to load digital coupon(s) to a consumer's Stop & Shop Card (i.e., loyalty card) for later redemption at time of purchase.

11. Ahold had actual knowledge of AMS's patent rights as a result of meetings with AMS, presentations by AMS and, upon information and belief, from articles in trade publications and otherwise. Ahold's infringement of the '445 Patent is thus willful, deliberate and intentional in that it has continued its acts of infringement with knowledge of the '445 Patent. Ahold is thus acting in reckless disregard of AMS' patent rights.

12. AMS has suffered damages and will continue to suffer damages as a result of Ahold's infringement of the '445 Patent. AMS is entitled to damages as provided for by law for Ahold's infringement of the '445 Patent.

13. As a result of Ahold's infringement of the '445 Patent, Ahold has caused and will continue to cause irreparable harm to AMS, and will continue to injure AMS unless permanently enjoined by this Court.

## COUNT II
(Infringement of U.S. Patent No. 8,370,199)

14. AMS realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 13 above.

15. On February 5, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,370,199 entitled "Promotion Processor and Management System" ("the '199 Patent"). A true and correct copy of the '199 Patent is attached as Exhibit 2.

16. AMS is the owner of the '199 Patent and has all substantial rights and interests in the '199 Patent, including without limitation, the right to sue and recover damages for past, present, and future patent infringement and therefore has standing to sue for infringement of the '199 Patent.

17.    Upon information and belief, Ahold has infringed and continues to infringe one or more claims of the '199 Patent by making and/or using a website and/or mobile application that embody the patented invention.

18.    Ahold's infringing system includes one or both of a website and a mobile application to load digital coupon(s) to a consumer's Stop & Shop Card (i.e., loyalty card) for later redemption at time of purchase.

19.    Ahold had actual knowledge of AMS's patent rights as a result of meetings with AMS, presentations by AMS and, upon information and belief, from articles in trade publications and otherwise. Ahold's infringement of the '199 Patent is willful, deliberate and intentional in that it has continued its acts of infringement with knowledge of the '199 Patent. Ahold is thus acting in reckless disregard of AMS' patent rights.

20.    AMS has suffered damages and will continue to suffer damages as a result of Ahold's infringement of the '199 Patent. AMS is entitled to damages as provided for by law for Ahold's infringement of the '199 Patent.

21.    As a result of Ahold's infringement of the '199 Patent, Ahold has caused and will continue to cause irreparable harm to AMS, and will continue to injure AMS unless permanently enjoined by this Court.

**COUNT III**
(Infringement of U.S. Patent No. 8,538,805)

22.    AMS realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 21 above.

23.    On September 17, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,538,805 entitled "Promotion Processor and

Management System" ("the '805 Patent"). A true and correct copy of the '805 Patent is attached as Exhibit 3.

24. AMS is the owner of the '805 Patent and has all substantial rights and interests in the '805 Patent, including without limitation, the right to sue and recover damages for past, present, and future patent infringement and therefore has standing to sue for infringement of the '805 Patent.

25. Upon information and belief, Ahold has infringed and continues to infringe one or more claims of the '805 Patent by making and/or using a website and/or mobile application that embody the patented invention.

26. Ahold's infringing system includes one or both of a website and a mobile application to load digital coupon(s) to a consumer's Stop & Shop Card (i.e., loyalty card) for later redemption at time of purchase.

27. Upon information and belief, Ahold's infringement of the '805 Patent is willful, deliberate and intentional in that it has continued its acts of infringement with knowledge of the '805 Patent. Ahold is thus acting in reckless disregard of AMS' patent rights.

28. AMS has suffered damages and will continue to suffer damages as a result of Ahold's infringement of the '805 Patent. AMS is entitled to damages as provided for by law for Ahold's infringement of the '805 Patent.

29. As a result of Ahold's infringement of the '805 Patent, Ahold has caused and will continue to cause irreparable harm to AMS, and will continue to injure AMS unless permanently enjoined by this Court.

## EXCEPTIONAL CASE

30. Ahold's infringement of the '445, '199 and '805 Patents and the circumstances surrounding that infringement render this case exceptional under 35 U.S.C. § 285 and AMS is therefore entitled to its reasonable attorneys' fees and costs.

## JURY DEMAND

31. Plaintiff AMS demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff AMS prays for the following relief:

a. That the Court enter a judgment that Ahold has infringed, the '445, '199 and '805 Patents in violation of 35 U.S.C. § 271;

b. That the Court enter a judgment that Ahold's infringement of the '445, '199 and '805 Patents was willful;

c. That the Court award damages to AMS against Ahold adequate to compensate AMS for Ahold's past infringement of the '445, '199 and '805 Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses;

d. That the Court award enhanced damages pursuant to 35 U.S.C. § 284, including enhanced damages based upon Ahold's willful infringement of the '445, '199 and '805 Patents;

e. That the Court permanently enjoin Ahold, its officers, agents, servants, employees, parents, subsidiaries, affiliates, and successors from infringing the '445, '199 and '805 Patents;

f. That the Court determine this case to be exceptional under 35 U.S.C. § 285, and that AMS be awarded its reasonable attorneys' fees under 35 U.S.C. § 285;

g. That the Court award of pre-judgment and post-judgment interest and costs to AMS;

h. That the Court grant such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

By: _____
Kurt C. Rommel
Virginia State Bar No. 20466
krommel@milesstockbridge.com
R. Grant Decker
Virginia State Bar No. 20618
gdecker@milesstockbridge.com
Michael A. Messina
Virginia State Bar No. 86719
mamessina@milesstockbridge.com
Stephen Cobb
Virginia State Bar No. 75876
scobb@milesstockbridge.com

MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 1500
McLean, VA 22102
Phone: 703-903-9000
Fax: 703-610-8686

**ATTORNEYS FOR PLAINTIFF
ADVANCED MARKETING SYSTEMS, LLC**